[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, William Reuter, argues in his sole assignment of error that the trial court violated the Double Jeopardy Clause of the Fifth Amendment by increasing his sentence after he had already begun serving the time in the Hamilton County Justice Center. Reuter had been sentenced to sixty days in jail, with fines and court costs, for spitting on a Cincinnati police officer. During his incarceration, Reuter was placed on a work-detail program by the sheriff. The program would have allowed him to serve only half of his original sentence. After approximately two weeks, however, Reuter, fearful of losing his job, filed a motion to mitigate with the trial court, seeking either a commutation of his sentence or an opportunity to serve the remaining two weeks on weekends.
At the hearing on the motion to mitigate, the trial court learned for the first time that Reuter had been placed on the work-detail program by the sheriff. The trial court denied the motion and also stated that it "never allow[ed] details" unless it had specifically granted permission for them on the record. Consequently, in addition to denying the motion to mitigate, the trial court also placed in its order language stating "No detail[;] no 2 for 1." In sum, Reuter was ordered to serve out fully his original sentence.
R.C. 2947.151 provides that the sheriff may allow certain reductions in an inmate's sentence in consideration of work done on the jail premises "only upon the written concurrence of the presiding or sentencing judge or magistrate of the court where the sentence was imposed." In oral argument, counsel for Reuther has conceded that the original sentence, as it was set forth in the trial court's journal, did not specifically authorize Reuter to be placed on a work detail. But counsel has argued that Reuter's placement on such a detail was nonetheless authorized because of (1) a policy in municipal court to allow the sheriff to utilize such details, and (2) the fact that a box marked "not eligible for detail" on the form committing Reuter to the custody of sheriff had not been checked.
As for the first argument, we note that, absent evidence of a written concurrence signed by the presiding judge, the policy of municipal court to acquiesce to the sheriff's placement of inmates in work details does not satisfy the language of the statute. Second, the commitment form, although attached to Reuter's appellate brief, is not part of the record (nor, for that matter, is it signed by the trial court).
There being no evidence that the trial court originally concurred in Reuter's placement in a two-for-one work detail, the conclusion cannot be drawn that the trial court increased his sentence by subsequently ordering that he not be given the benefit of such a program. Accordingly, Reuter's argument that he was given additional punishment in violation of the Double Jeopardy Clause is without merit.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.